Good morning, Your Honors. Philippa Richland on behalf of the appellant, Mr. Lindsey. May I begin? Oh, yes. You may proceed. Thank you. One of the overwhelming issues in this case for me as a litigator is the procedural issues that this case presents. And when you look at a law like de facto partnership, which was enacted to protect, to be the shield, to protect people's investments in either money or time, and the law said, even though there isn't a writing, we want to protect these people in their business deals. And out of that, there were protections for people who did invest money and time, who found themselves on the short end of the stick in some business deals. In this case, very uniquely, the doctrine of de facto partnership uses a sword to defeat standing. And it was a unique issue and one that I was not able to find any case law, no other case seemed to present this issue, where you had a person conducting business in their name, and in hindsight, eight years later, a court comes along and says, well, you weren't conducting business. I'm not sure he was conducting business as his name. He even signs the contract with his name, DBA Panache. Sounds like he's doing it in the name of Panache, not in his own name. Otherwise, why does he sign the contract that way? He conducted business as a DBA in his mind. He had business registrations as a sole proprietorship. It's undisputed. Taxes were recorded as a sole proprietorship, undisputed. Tax documents, government filings for this business, all these years recorded as a sole proprietorship. And yet, following commencement of the lawsuit, six years later, a court says, well, you know, you really, even though you thought you were a sole proprietor, under the law, you weren't a sole proprietor, and therefore, you lack standing. And that is the policy issue that, as a litigator, I have a problem with. And I think the court, the district court, mired in this issue and some of the consequential issues, lost sight of the big picture, which is this case arises out of the same facts, the same circumstances. Nothing changes as to whether the case is brought in the name of Mr. Lindsay doing business as Panache Images, or whether it's Mr. Lindsay a partner in a joint venture. Nothing changes except the value of this lawsuit goes up enormously if he's able to sue in his own name, because he can get all kinds of damages, assuming he can prove his case, based on injury to himself as a person that would not be available to a partnership. So a lot hinges on this. Or am I mistaking the underlying purpose or function of this? No, you're right. There is that obvious consequence. I assume that's why you've been fighting this so hard. That's right. But what I'm indicating to the court is that in looking at what the consequences of this case, six years later, this issue coming up, and the court basically terminating this case based on a hindsight review of how Mr. Lindsay did business. Well, I'm not sure it comes up. In fact, I was after that raising a question to my law clerk, and I went back in this yesterday afternoon with his help. I look at the documents for summary judgment the first time around. It was a disputed question way back then as to whether or not this was a partnership or an individual proprietorship. The district judge went off on a different line of decision or a different ground the first time around, but this issue has been with us from very early on. Well, that brings me back to the answer to the complaint. And in the answer, it was admitted that he was a party to the contract. That's the next little sticking in my craw is that from the initiation of this lawsuit, when the answer was filed, they admitted Mr. Lindsay was a party to the contract. Well, is this a jurisdictional question, whether he has standing to assert these claims? Because if so, he has to have standing, and the court can sui sponte, determine whether or not he has standing at any stage of the proceedings. And it really doesn't matter whether it was six years, if this is a jurisdictional question. Well, coming to that issue, we look at a lot of conflicting evidence, and I think the panel would have to agree on that. I mean, we have Mr. Lindsay operating as a sole proprietor. We don't have any buy-ins to this business by any of these models. Fred, the contract that's at issue, he signed on behalf of Panache Images as director, and the contract is between Panache and Starwood. And that's what's giving rise to this cause of action, right? But the reality of the business world is that sole proprietors adopt DBAs, and they sign documents as a DBA. I do it myself in my business. It doesn't defeat, because I sign a contract in my business name, does not defeat that it is a solely owned business. And that is a reality of the business world. And I think that you can't look at this in a legal vacuum. It has to be examined as people. The district judge writes a very long order looking at an awful lot of evidence from which he concludes that this entity was, in fact, operating as a partnership. What piece of that evidence that he relied on is factually incorrect? I'm not asking about the legal conclusions that he draws from it. Is there a piece of that evidence that you say he just has his facts wrong? Well, he relies on $10 dues. He cites that in his factual findings, that the models paid $10 dues a year. The inference, although he doesn't articulate it, but the inference is that this is a buy-in, this is an investment, when it's clearly in the minutes that it's dues. So when you say what facts does he rely on that's in error, it's the inferences that are drawn from those facts where the district court finds as a matter of law. You see, that's where I, that's the sticking point. So the dispute we're having here, the argument you're having here with the judge is not as to the facts, but as to the meaning of the facts? Yes. And another, let me give the court another example. Mr. Lindsay was asked at deposition whether his claims were personal, and he said no. Now, this word personal, it wasn't defined. The questioner obviously is asking this in a legal sense, but it's being asked of a person who is not a sophisticated person in the legal field. So he is not receiving that question with the legal implications. He's receiving it in the common, ordinary use of that word, meaning something private. Is it personal? So when you're looking at questions that are being asked of a layperson and the terms of the questions have ambiguity, I think it manifestly unjust to assume that the person answering that question understands the legal meaning. I'm sorry to interrupt, but your time is running, and I want to get this question in before we take you over time. As a practical matter, is there anything left of this lawsuit if you were allowed to succeed in your Rule 17 motion, substituting the partnership in as the plaintiff, or is that just another way of prolonging the death of the suit? And here again we get to this term partnership, because you have individual members. Well, you'd still have your breach of contract claim, right? You'd have the breach of contract, but you'd also have the injury to the other members. In other words, You'd have the injury to the partnership. No, it's not the partnership. It's the individual members of the partnership. So what damages are available? But I'm now asking you, what if we substitute in as the plaintiff the partnership? That is to say, what if we accept the district judge's conclusion that this is a partnership, meaning that the individual partners do not have a right to sue on their own, and the only proper plaintiff here is the partnership? That is to say, the only damages are to the partnership. And now I'm asking you, as a practical matter, is there much left of this lawsuit in the sense of recoverable damages so that you're sensible to pursue the suit? Well, it raises and begs another issue, and I think that issue is if you find de facto partnership as a legal entity after the fact, do the participants in that event, the persons that were injured by that, the circumstances that day at the hotel, the question is, was it Mr. Lindsay, or was it Mr. Lindsay and the models? Now the court is saying if we find a de facto partnership, do the models also have a cause of action? Do they step into Mr. Lindsay's shoes and they share in this, in these claims? Because one of the – that is another issue that's raised by this. Or by finding de facto partnership, are you saying that these individuals have no claim because the contract was signed as a DBA? I was asking you as to whether or not – okay. I got it. Thank you. Thank you, counsel. Thank you. Jason Steele for Appellee Starwood Hotels. Good morning, and may it please the Court. This case, as the panel has been discussing with Ms. Richland, is about standing. Standing under Article III of the U.S. Constitution. You know, I'm very sorry that your partner wasn't here because I would have had the opportunity to tell him that if he had taken my federal courts class when he was at Boalt, he would know that this is not a question of Article III standing. This is a question of failure state of claim, which is quite a different proposition. I will certainly pass along your regard to Mr. Hendricks. Okay. He could use that since he can't get out of bed, which is why I'm here this morning. So if it's not a question of standing, why are we hearing a 12B6 motion six years into the litigation? Well, I respectfully disagree. I think it is a standing issue. That's what's been discussed. Now, in standing, there are different kinds of standing. When you say standing, it's clear from your brief that you mean lack of standing under Article III. But there are lots of kinds of standing that are not Article III standing. One of them is, do I have a right to sue? For example, A and B enter into a contract. B breaches. A doesn't care. C, a third-party beneficiary brings suit. And the question is, does C have standing to enforce the contract to which he's not a party? That's not an Article III question, although you could characterize it as a standing question. My objection to the way you're casting it is not that this is not a standing question. It could be characterized as that. It's not an Article III question. Well, let me go at it this way, Judge Fletcher. It's certainly true that there are different types of standing, and there's sort of an umbrella of various hurdles, if you will, for someone to be able to bring a claim to the federal court. I think we could all agree on that. But the Supreme Court, I think, has been very clear that with respect to Article III, there may be some overlap with other types of standing as well. There needs to be a personal direct injury. That's what the Supreme Court said in the Lujan case. That is the argument we're making here is that, and that was a similar fact pattern there as well, which makes the Domino's case so interesting, is that in that case, it was not a personal injury. It was an injury to the company. The same thing applies here. And I encourage you to go back and read the Domino case and look for the phrase Article III. You're not going to find it. It's not stated in that case. Because it's a cause of action case, not an Article III standing case. You treat it as if it were an Article III standing case, but it is not. Well, I don't think we ever represented in the briefs that Domino's was an Article III case. But you rely on Domino's as if it helps you. It does not help you at all. Well, our position, Judge Fletcher, is that Domino's case illustrates, along with various other authorities, the standing problem that Mr. Lindsay has, and it's this. The party to the contract with Starwood in 2001 was not with Mr. Lindsay. He was not a party to that. He signed as a director, and there was overwhelming evidence before the district court that Panache, since at least 1996, had operated as a partnership. Now, Ms. Richland's primary objection, or one of her objections, seems to be that this is somehow unfair because everybody thought they were not a partnership. And if you read the California cases that talk about what is the definition of a partnership, that's irrelevant. Courts all the time are going back and saying, by the way you operated your business, by the way you conducted your transactions, by the way you invested, by the way you made decisions, you are, in fact, a partnership. And so that's what's going on here. And there was over 100 pages of evidence submitted with Starwood's motion dismissed. I think you've heard an interesting concession here by Ms. Richland that it's really not, the issue is not so much the facts in that evidence, the deposition testimony, the business records, because those were all produced by Mr. Lindsay as Panache business records. Their authenticity is not in dispute, and Mr. Lindsay didn't argue below that any of those records were other than what they purported to be. And I'll spare the court going through these, but if you look at what we cited in the brief, there are very specific instances, not challenged below or on appeal, where the directors are, they call themselves directors, but they're really partners, by the way, operating their business, are making all the decisions of the company, including delegating authority to Mr. Lindsay. They're approving models to serve. They're approving all financial transactions. They're investing their money in the business, not just dues, but investing their out-of-pocket funds for retreats and other business meetings. And they stand, they have the right to receive profits from the business if any were generated. Those are all the key hallmarks of a partnership. It's really not a close call in this case what Panache was. And it's not. Kennedy. Assuming that this is a partnership, assuming that is to say that the district judge got it right, based upon, and I very much heard your opponent say the question is not dispute over what the facts are. The dispute is over what the facts tell us legally. That's right. Okay. So for the purpose of the question, this is a partnership, and Mr. Lindsay is not allowed to bring suit in his own name when, in fact, the party of the contract was not Mr. Lindsay, but rather the partnership or got that. Correct. But then there's a motion to substitute in the partnership as the new plaintiff under Rule 17. Yes. Now, the district judge goes off on an Article III rationale, saying that because there's no Article III standing, you can't substitute in. I disagree with that. I think that Article III is not a problem. This is an ordinary case of you've got a party who has no claim, it's the wrong party, so he wants to substitute in. So what are we supposed to do? Are we supposed to send it back to the district judge and say you're wrong on Article III, please approach this again? That is to say, whether the district judge allows the substitution of parties is essentially a discretionary decision by the district judge. But the district judge, in my view, misunderstood the law. He thought Article III prevented him from doing it. Absolutely. Here's my response to that, Judge Fletcher. The Rule 17 analysis and decision by the district court, I think, did flow from the determination that there was no Article III standing. Yes. And I think the case law is very clear. I don't believe this point is challenged on appeal, that if you lack Article III standing, you also lack standing to file a motion under Rule 17 as well as under Rule 15. I'm not questioning that at all. If this court concludes that, in fact, there was Article III standing or there was no Article III problem, that it's a different type of standing or a different type of issue, then the specific way that the decision came down would have to be reconsidered. We briefed below, other than Article III, reasons why the court should deny the motion to substitute. Under both Rule 17 and Rule 15, and Rule 16 as well, which implicates a scheduling order, the district court didn't have to deal with that issue because he found a lack of Article III standing. We think, of course, that was correct. But if the court, to sum up, if the court concludes that there is no Article III problem, that doesn't automatically mean a Rule 17 motion ought to be granted. And I think it was you, Judge Fletcher, that asked, is there anything left to this case? And obviously that is aiming at where we now are when I ask that question. Well, there really is nothing left of the case. Mr. Lindsey's counsel was talking a minute ago about, well, the models might have an individual cause of action. Well, if Mr. Lindsey doesn't, certainly the models don't. Well, wait a second. There is a breach of contract claim. There's a fraud claim. Why can't the partnership assert those claims? Well, for the record, the fraud claim was dismissed, and that's not being challenged on appeal. The three claims remaining are the 1981 claim, the parallel under Act claim, sort of a mini-1981, and the breach of contract claim. So the breach of contract claim remains. All three claims could remain if there's a proper claim. That's true. All three claims could remain. It's just that the very heart of this case is no longer there because this got teed up and sharply focused on when the parties were discussing whether Mr. Lindsey could recover emotional distress as they were preparing for trial and going through jury instructions and so forth. Without that emotional distress, I can represent that the Court has really no evidence of any damage at all in this case, which means that there can't be punitive damages either. There's really nothing left. That's a practical matter. Okay. Well, then if the district judge were to allow the substitution in of Panache as the plaintiff, I guess it's up to them to decide whether they want to pursue it, not up to you. I mean, that ends up an argument at the jury, I guess. It could be, Your Honor, but I would make this point. Mr. Lindsey shouldn't be the one to be making that motion. Panache had a lot of opportunities. As you pointed out, Judge Fletcher, this was brought up in some capacity in 2003 with respect to the first summary judgment. Mr. Lindsey and or the partnership could have decided then that they wanted to add the partnership just to be safe. They took a gamble in deciding not to do that. Well, I guess that's an argument, again, you can make to the district judge as to why he doesn't want to grant the motion to substitute. It's possible. If the only entity left in this case is the partnership, our position is that there's really, as a practical matter, nothing left to the case. But the partnership is the only entity that can bring a claim. And I suppose the district court would have to decide whether that's proper, including whether the claims are time-barred at this point. Well, that's one point that I think would be kind of unfair to hold the seven years against Panache, given that the 12B6 motion wasn't made until after the case had already been up to the Ninth Circuit and back again. I mean, it's kind of maybe the only reason they want to substitute Panache now is because you won on the 12B6. Well, I have two responses to that, and I see my time is almost out. You may answer the question. Okay. First off, I know there's an issue about Article III, the question that you raised. But under Article III analysis — You know, I don't buy it either, okay? Okay. Just so you know, you've got two judges, one who happens to teach this as a professor at Bolt Law School. And, you know, I don't buy it either. And so why don't we just not continue down that path? So let me put the Article III to the side. Yes. I feel I'm arguing against the bencher. So let me directly address this issue of fairness. We don't believe that it is unfair, even with this delay of time, because if you go back to when the complaint was filed, Mr. Lindsay and the partners had access to all of these documents, which, as the district court pointed out, really is overwhelmingly showing that this is, in fact, a partnership. However, Mr. Lindsay represented himself to the tax authorities, this was a partnership under California law. At that point, the prudent thing to do would have been to either plead in some sort of form unknown or to plead all of these claims on behalf of both Mr. Lindsay and Panosh, the business entity. When was the first time you made a 12B6 motion to dismiss because this was a partnership? The very first time was in January 2008. After you'd been up here and come back down again? That's right. As I was saying before. What did you learn that led you to bring this motion for the first time at this late date? What we learned was we had thought prior to January 2008, and it actually started in December, when we were going through the pretrial preparations, and I was a part of that, although Mr. Hendricks was taking the lead, obviously, we had thought that we would get some sort of ruling on the emotional distress damages and that this might not actually go to the jury. Our position was that since Mr. Lindsay was holding himself out as a business, he wasn't able to recover emotional distress damages. It's at that specific point that Mr. Lindsay's counsel said, no, no, no, we think he should recover emotional distress damages, even though the IID claim was now out of the case. And we said, wait a minute, how can he recover emotional distress damages if he's a business? And we looked at it. We researched it. And that's what led ultimately to our filing this motion, specifically on standing mounts. And so that's how it came to be. But you knew this issue long before then. It's kind of a complicated factual matter. I don't think we knew this issue. I mean, who signed the contract? I think any lawyer looking at the contract claim here, you have to look at who were the contracting parties. That's elementary. That's right. I would think that would be at the beginning of the litigation. Did you just sit on it and not bring ñ I mean, I'm not ñ I don't understand that. Absolutely not. I can represent to the Court there was no sitting on anything. In fact, it would have probably been clearer had we brought this up in 2003 as part of our summary judgment motion. Well, that's right. You knew it in 2003. I'm reading it ER 242. This is ñ I mean, I can find this in different places to illustrate the same thing. This is plaintiff's statement of genuine issues in opposition to your motion for summary judgment. Number 26, none of the claims ñ this is you. None of the claims were brought on behalf of any individual, but instead were brought on behalf of a business entity. I mean, that's your statement in summary judgment. Yes. So why didn't you make a 12B6 motion? Because, Your Honor, the best answer I can give to that is that we were focusing on the merits at that point instead of who was the proper party. It didn't ñ it wasn't significant to us, and maybe we should have looked at it differently. I wish we had, but there was no intentional deception. It doesn't serve us waiting all this time. This is just the way that it happened and the way it came up in the context of pre-trial discussions. Well, it does serve you. It does serve you in one sense on the motion to substitute. It serves you because now you can argue, well, they waited for seven years, and so there's not a reasonable time. I suppose we could argue that, but if there is tolling, if the district court looks at this and says that there's tolling because of a mistake, it doesn't matter how long the time there's going to be because I would imagine the whole time would be tolled. I mean, that happens. If it's a Rule 15 substitution. If it's a Rule 15 substitution. It may be under Rule 17 as well because there's issues about timing this and reasonableness. But we just haven't had a chance to brief that. It wasn't an issue of the district court's ruling. You know, there's a really interesting article in the Yale Law Journal of 1988, on standing, that you might want to read. I'm sure the author was highly esteemed. Well, I can't speak to that. One of the fundamental issues here, it seems to me, is whether or not this Domino's Pizza case is really in point to the case before it. I'm sorry. It's whether. Whether the Domino's Pizza case is distinguishable or not in this situation. I think we have to wrestle with that one a little bit. For one thing, of course, the question of how much fact-finding you can do in these cases. And I think there was a lot of fact-finding done here, but not so much in the Domino's Pizza situation. You're correct, Judge Cuddy. The Domino's Pizza, and I guess this will be my last comment unless the panel has further questions. As you know, we thought it was an Article 3 case. I'm sorry. It's not an Article 3 case. But we think it stands to that same proposition that this is not your claim. Even if it's not translatable, for lack of a better word, to the Article 3 context, what we have here is a situation where Mr. Linzig has no claim. Which is why he's now seeking to substitute in Panache as the plaintiff. He is. Panache, we think, should be doing that. But, yes, he's making that attempt. That's correct. Thank you very much. Thank you. I'll give you a minute for rebuttal. You have nothing to add? No. Okay. Thank you. All right. Linzig v. Starwood Hotels will be submitted. Johnson v. Judge has been submitted on the briefs.
judges: Cudahy, Wardlaw, Fletcher W.